IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MELVIN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-050 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 18). First, Plaintiff objects that neither the ALJ nor the Magistrate Judge explained exactly how Plaintiff's daily activities conflicted with his testimony of pain and limitation. (Id. at 1-2.) However, the ALJ was not required to explain how each of Plaintiff's daily activities conflicted with his pain allegations. As the Magistrate Judge held, "That [the ALJ] did not perform a one-to-one comparison of Plaintiff's allegations to contradictory evidence does not undermine her credibility determination." (Doc. no. 16, p. 10 (citing Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015); Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005); Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013)).)

Second, Plaintiff repeats his arguments the ALJ selectively cited to the medical record and ignored evidence supporting his pain allegations. (Doc. no. 18, pp. 2-6.) However, contradictory evidence alone does not warrant overturning an ALJ's decision; an ALJ's decision only must be supported by substantial evidence. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (stating substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" ) (quoting Bloodsworth, 703 F.2d at 1239). As the Magistrate Judge detailed, there was substantial evidence to support the ALJ's credibility determination despite any evidence to the contrary. (Doc. no. 16, pp. 10-14.)

Finally, Plaintiff argues the Magistrate Judge "misrepresents the record" by noting Plaintiff could do pushups in holding Plaintiff's regular exercise was "more than everyday activities." (Doc. no. 18, p. 6.) The Magistrate Judge cited once to the record that Plaintiff exercised three times a week, including pushups, and also cited Plaintiff's report to Dr. Daniels in October 2014 that he exercises on a typical day. (Doc. no. 16, p. 14.) The Magistrate Judge correctly concluded the ALJ properly considered Plaintiff's self-reports of regular exercise as contradictory of his pain allegations. (Id.)

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter

final judgment in favor of the Acting Commissioner.

SO ORDERED this 16th day of May, 2018, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA